UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ELAINE L. CHAO, Secretary of Labor,  :  CASE NO. 1:08-CV-64
United States Department of Labor
    Plaintiff  :
vs.  :  OPINION & ORDER
:  [Resolving Doc. No. 17]
AMERICAN NATIONAL FLEET  :
SERVICES, INC., *et al.*,  :
    Defendants  :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 16, 2008, Defendants American National Fleet Services, Inc. and Joseph P. Schuerger filed a motion seeking to enforce a Court-brokered settlement agreement. [Doc. 17.] For the following reasons, the Court **GRANTS** the Defendants' request for relief.

**I. Background**

On April 11, 2008, the parties settled the underlying action at a case management conference. [Doc. 17, Ex. A.] The terms of the settlement required the Defendants to pay $35,000 to the Plaintiffs pursuant to a specified schedule of payments.[1] [Doc 17, Ex. A at 2.] The Defendants agreed to make a first payment, in the amount of $10,000, within sixty days. [Id.]

Shortly after the settlement proceedings, the Plaintiff sent the Defendants a document titled "Settlement Agreement." [Doc. 17, Ex. B.] This document includes the three terms of the settlement agreement that were reached on April 11, 2008. [Id. at 2-3.] Additionally, this document contained

---

[1] The other terms of the settlement require the Plaintiff to dismiss the instant action with prejudice and requires the Defendants to grant the Plaintiff the right to conduct a review of the Defendants' ongoing overtime payments to employees.

-1-

Case No. 1:08-CV-64
Gwin, J.

a fourth term that was not agreed to in the record in the settlement. [Id. 1-2.] This term requires the Defendants to comply with the law regarding overtime wages of employees. [Id.] The inclusion of this term would allow the Plaintiff to pursue a violation of the overtime wage laws via an action for enforcement of a settlement agreement instead of in a separate lawsuit. The Defendants objected to the inclusion of the fourth term. [Doc. 17 at 4.]

The parties attempted to negotiate the adding of this term to no avail. [Id.] The Defendants represented that the Plaintiff's additional term caused them to fear that the Plaintiff would renege on the settlement agreement. [Doc. 19 at 2.] Subsequently, the Defendants did not make the requisite first payment by the due date. [Doc. 18 at 2.]

On June 16, 2008, the Defendants filed this motion to enforce the settlement reached on April 11, 2008. [Doc. 17.] On June 19, 2008, the Plaintiff opposed the motion. [Doc. 18.] The Plaintiff argues that the Defendants' failure to tender the $10,000 payment invalidates the settlement agreement and, therefore, no agreement currently controls the parties. On June 23, 2008 the Defendants filed a reply arguing that the settlement remains valid. [Doc. 19.] In addition to their reply, the Defendants have filed a copy of a check made payable to the Department of Labor for the amount of $10,000. [Doc. 20, Ex. A.]

## II. Discussion

A federal court maintains jurisdiction to enforce a settlement agreement when the parties' obligation to comply with the settlement is "part of the order of dismissal–either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381 (1994) (internal citations omitted). In this case, the Court

Case No. 1:08-CV-64
Gwin, J.

explicitly retained jurisdiction "to resolve disputes concerning the memorialization of this settlement agreement." [Doc. 12.] The Court thus has continuing jurisdiction to enforce the terms of the April 11, 2008 settlement agreement.

A settlement agreement is a contract between the parties, and the court must apply the basic rules of contract law in interpreting and enforcing the terms of such an agreement. *See Bamerilease Capital Corp. V. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). In interpreting and enforcing a settlement agreement, the court must refer to substantive state law. *See id.*

The Court finds that the Plaintiff has attempted to add a term to the settlement agreement. Under Ohio contract law, a court must give effect to the contract's *express* terms in determining the rights and objections of the parties and cannot, in effect, create a new contract by finding an intent not expressed in the clear language used by the parties. *Seminatore v. Medical Mut. Of Ohio*, 737 N.E.2d 1016, 1020 (Ohio Ct. App. Feb. 28, 2000) (citing *Shifrin v. Forest City Enterprises, Inc.*, 597 N.E. 2d 499, 501-02 (Ohio 1992) (emphasis added). The record clearly indicates that the Plaintiff did not express the term requiring the Defendants to comply with the overtime wage laws at the time that they reached an agreement. Therefore, the Court finds that this term is not part of the settlement agreement.

The facts of this case are analogous to those presented in *Shanker v. Columbus Warehouse Ltd. Partnership*, No. 96APE09-1269, 1997 WL 142723 (Ohio Ct. App. 1997). In that case, one party attempted to add a term to a settlement agreement. The court enforced the settlement terms as the parties had stated them on the record. *See id.*

Under Ohio contract law, "[t]here must be a material breach of contract which substantially defeats the purpose of that contract in order to support rescission." *Ohio Compensation Services Co.*

Case No. 1:08-CV-64
Gwin, J.

*v. Smith*, No. L-90-104, 1991 WL 77494, at *3 (Ohio Ct. App. May 10, 1991). In determining whether a material breach occurred, a court should weigh the following factors:

> "a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived; c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including reasonable assurances; e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing."

*Kersh v. Montgommery Developmental Center, Ohio Department of Mental Retardation and Developmental Disabilities*, 519 N.E.2d 665, 668 (Ohio Ct. App. 1987).

The Plaintiff disputes that the settlement agreement remains a valid contract due to the Defendants' failure to make the first payment as scheduled. The Plaintiff asks the Court to rescind the agreement based on the Defendant's breach of the settlement terms. [Doc. 18 at 2.] The Defendants claim that they failed to make the payment because of the Plaintiff's insistence that the additional term be added to the settlement agreement. [Doc. 19 at 2.] They further state that they are willing to make the payment at the resolution of this dispute. [Doc. 19 at 2.]

Applying the five *Kersh* factors, the Court finds that no material breach of the settlement agreement, and thus Ohio contract law does not warrant rescission. The Defendants have clearly indicated an ability and a desire to perform their obligations under the agreement. Once the Defendants tender payment, the parties will be in the position that they anticipated when they entered into the agreement on April 11, 2008.

The Defendants' lack of payment has denied the Plaintiff of a minimal and compensable benefit. The Plaintiff can be adequately compensated for this late payment by applying a four-

Case No. 1:08-CV-64
Gwin, J.

percent interest rate to the late payment. Under the settlement agreement, the parties agreed to that interest rate.[2]

Furthermore, the Defendants appear to have attempted to perform in good faith. The Defendants have represented that they are ready to make the first payment pursuant to the settlement agreement and that they failed to perform because of the inclusion of the additional non-agreed to term. The Court does not find that this action constituted bad faith.[3]

Finally, the Defendants would suffer forfeiture and prejudice from a rescission of the original settlement agreement. Both parties have expended time and money in seeking to resolve the instant action. This time and money has yielded a settlement agreement. Subsequent to this settlement agreement, the Defendants have halted discovery and closed this matter.

Because the Court finds that the interests of justice and equity will not permit a rescission of the agreement, the Court will enforce the settlement terms reached on April 11, 2008.

### III. Conclusion

For the reasons previously discussed, the Court **GRANTS** the Defendants' request for relief. Additionally, the Court **ORDERS** the Defendants to pay all payments currently due pursuant the

---

[2] "[W]hen money becomes due and payable . . . upon any settlement between parties . . . the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." Ohio Rev. Code Ann. 1343.03(A). The Court recognizes that there is not a written contact in the instant case, but does not find that fact fatal to the application of the interest rate that the parties agreed to on the record. [Doc. 17, Ex. A at 2.] Additionally, the Court recognizes that the agreed-upon interest rate pertains to the balance yet to be due and not to the balance past due. The Court, however, finds this rate will equitably compensate the Plaintiff for any benefit lost due to the Defendants' failure to make a timely payment.

[3] The Defendants' brief suggests that they are aware that the Court can enforce a valid settlement agreement that has not been reduced to writing. [Doc. 17 at 5.] The Defendants' optimal course of action would have been to make the requisite payment on the due date and then seek injunctive relief from the Court. The Court notes, however, that the Defendants now seek to enforce the agreement as it was agreed to on April 11, 2008 and they are willing to perform. Moreover, a short duration has passed between the filing of this motion and the due date of the first payment.

Case No. 1:08-CV-64
Gwin, J.

settlement agreement on April 11, 2008. In addition to the interest required by the settlement agreement, the Court also **ORDERS** the Defendants to pay interest at the rate of four-percent on the balance past due. That interest payment will be calculated from the date that the payment became past due.

 IT IS SO ORDERED.

Dated: July 3, 2008          s/ *James S. Gwin*
                   JAMES S. GWIN
                   UNITED STATES DISTRICT JUDGE